9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold Lee BENSON, Defendant-Appellant.
 No. 93-101118.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1993.*
Decided Nov. 10, 1993.
 
 Before: ALARCON, LEAVY and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Harold Lee Benson appeals from the order denying his motion to dismiss on grounds of double jeopardy. Benson was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Retrial on this indictment has been delayed pending the outcome of this interlocutory appeal. The district court granted Benson's motion for a mistrial after a government witness gave testimony that exceeded the scope of the government's proffer. The court found that the evidence was unfairly prejudicial to Benson.
 
 
 3
 On appeal, Benson contends that the district court erred in placing on him the burden of proving by a preponderance of the evidence that the prosecution intentionally provoked his attorney to seek a mistrial. The Government argues that this issue is not properly before this court as an interlocutory appeal because Abney v. United States, 431 U.S. 651 (1977), does not address jurisdiction over the appeal of a procedural question.
 
 
 4
 We conclude that under Abney this court has jurisdiction to consider this appeal. We affirm because under the law of this circuit, the defendant bears the initial burden and has the burden of persuading the court by a preponderance of the evidence that the prosecutor intentionally provoked the defense into seeking a mistrial.
 
 I.
 PERTINENT FACTS AND PROCEDURAL HISTORY
 
 5
 During Benson's trial on a charge of being a felon in possession of a firearm, the Government called ATF Agent Massock as its last witness. His name did not appear on the Government's initial witness list and the defense requested a proffer. The Government indicated that Massock's only testimony would be "that he searched the car after he found the vehicle registration in the car. There's two items that have been found in the car in the subsequent search, which have been disclosed to the defense." The witness testified that he had obtained a search warrant for the car after Benson's federal arrest. Inside the car, Massock stated that he found a vehicle registration and a bill of sale in Benson's name. Following this testimony, the prosecutor continued to question Massock about the search of the vehicle.[1] Massock testified that a search of the trunk of the car had revealed an unexpended shotgun shell and a .38 caliber handgun round. The defense objected. The court ruled that the evidence of the finding of the ammunition exceeded the scope of the proffer and would be stricken.
 
 
 6
 After the jury was excused, the court stated that it "saw absolutely no way to avoid declaring a mistrial in this case." "[W]e have a side bar; the proffer is that it has to do with an installment sale receipt and the ownership of the car, and that's all there is. The question is asked after, and suddenly we have a bullet from a new weapon. What do you want me to do? I'm not going to make any judgment right now about what was intentional." The court then declared a mistrial because it found that the testimony regarding ammunition from a new gun was unfairly prejudicial to Benson.
 
 
 7
 Benson moved to bar retrial on double jeopardy grounds on the basis that the Government intentionally provoked him into seeking a mistrial. The court denied the motion. It found that the defense had not met its burden of proving by a preponderance of the evidence that the Government intended to cause the defense to seek a mistrial. The court further found that the Government had shown by a preponderance of the evidence that it did not intend to provoke a mistrial.
 
 II.
 DISCUSSION
 
 8
 A. Jurisdiction Over This Interlocutory Appeal
 
 
 9
 This court has jurisdiction to review an interlocutory appeal of the denial of a motion to dismiss on double jeopardy grounds as a final appealable order under 28 U.S.C. § 1291. Abney v. United States, 431 U.S. 651, 661 (1977). The Government argues that Abney is not properly extended to give this court interlocutory jurisdiction over a procedural appeal. We disagree. Abney stands for the proposition that the rights conferred on an accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence. Abney, 431 U.S. at 661. The Double Jeopardy Clause not only protects an individual against being subjected to double punishments but is also a guarantee against being twice put to trial for the same offense. Id. Clearly, this protection is no less needed if the question on appeal is one of procedure rather than substance.
 
 
 10
 B. Intentional Provocation of a Motion for a Mistrial.
 
 
 11
 It is well established that, "[e]xpress consent to mistrial, including a defense mistrial motion, usually removes any double jeopardy bar to reprosecution." United States v. Nelson, 718 F.2d 315, 320 (9th Cir.1983). The sole exception is where the governmental "conduct giving rise to the successful motion for mistrial was intended to provoke the defendant into moving for a mistrial." Oregon v. Kennedy, 456 U.S. 667, 679 (1982).
 
 
 12
 We review a district court's denial of a motion to dismiss on double jeopardy grounds de novo. United States v. Lun, 944 F.2d 642, 644 (9th Cir.1991). "However, factual findings concerning governmental conduct, upon which the denial is based, are reviewed for 'clear error.' " Id.
 
 
 13
 To make out a prima-facie case that the prosecutor intentionally provoked a mistrial, the defendant must present evidence of the following elements: (1) the prosecutor committed misconduct, (2) the defendant moved for a mistrial, (3) the court granted defendant's motion for a mistrial, and (4) the prosecutor intended to provoke the defense into moving for the mistrial. Id. at 676. The Court instructed in Kennedy that "[o]nly where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." Id.
 
 
 14
 We have previously acknowledged that three objective factors may be considered for the purpose of determining whether the intent of the government misconduct was to provoke a motion for mistrial. First, the court may consider whether "the government's case was going badly, causing the prosecutor to fear acquittal and affirmatively to seek a mistrial." Lun, 944 F.2d at 644 (citing United States v. Curtis, 683 F.2d 769 (3d Cir.), cert. denied, 459 U.S. 1018 (1982)). Second, consideration may be given to "the advantages the government would gain from a second trial." Id. at 645 (citing, inter alia, Curtis, 683 F.2d 769). Finally, the court may examine evidence that "the government committed repeated acts of misconduct, which deprived defendant [ ] of [the] primary control over whether to request a mistrial." Id. at 646.
 
 
 15
 Here, the district court considered information presented by the defense on each of these elements. The court found that no evidence was presented to show that the Government's case was going badly, that a second trial would be more advantageous to the prosecution, or that the prosecutor committed repeated acts of misconduct designed to provoke the defendant into requesting a mistrial. The district court also concluded that, although the burden of persuasion was not upon the Government to show lack of intent to provoke a mistrial, the court had been persuaded by a preponderance of the evidence that the government did not intend to provoke a mistrial. The court's findings were not clearly erroneous. The record supports the district court's determination that Benson failed to demonstrate intentional provocation.
 
 
 16
 We have previously held that "[t]he burden is on the appellant to establish the facts supporting his contention that his retrial violated the Double Jeopardy Clause of the Fifth Amendment." United States v. Cox, 633 F.2d 871, 876 (9th Cir.1980) (citation omitted), cert. denied, 454 U.S. 844 (1981). We have also placed the burden on the defendant to persuade the court that retrial should be barred because the prosecutor provoked the defendant into moving for a mistrial. Lun, 944 F.2d at 644. In Lun, we stated:
 
 
 17
 We hold the defendants have failed to show the conduct leading to the mistrial motion was intended to provoke them into moving for a mistrial.... Where a mistrial has been declared at the request of the defendant, the Double Jeopardy Clause is no bar to retrial unless the defendant can show that the 'conduct giving rise to the successful motion for mistrial was intended to provoke the defendant into moving for a mistrial.' "
 
 
 18
 Id. at 643-44 (citations omitted).
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 PROSECUTOR: Did you [Massock] find anything in the trunk of the car?
 MASSOCK: Yes, I did.
 PROSECUTOR: What did you find?
 MASSOCK: I found a Remington .20 gauge shotgun shell that resembled the same shotgun shell that was recovered from the scene initially by the Oakland Police Department. I also recovered a single 380 (sic) caliber handgun round.
 PROSECUTOR: Okay.
 MASSOCK: Both unexpended.
 PROSECUTOR: Okay. Did you find a right--
 DEFENSE COUNSEL: Your Honor, this really--
 THE COURT: It is.
 DEFENSE COUNSEL: I want to--
 THE COURT: That's not within the proffer. That last evidence will be stricken.